UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MELIKA MOHAMMADI GAZVAR OLYA**, | § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | EP-25-CV-00083-DCG |
| **ANGEL GARITE,** *Assistant Field Office Director, El Paso Field Office, El Paso Service Processing Center*; **MARY DE ANDA-YBARRA,** *Field Officer Director, El Paso Field Office, ICE*; **TODD LYONS,** *Acting Director, ICE*; **KRISTI NOEM,** *Secretary of Homeland Security*; and **PAMELA BONDI,** *United States Attorney General*. | § § § § § § § § § § § § | |
| *Respondents.* | § § | |

## **MEMORANDUM ORDER**

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by counsel on behalf of Petitioner Melika Mohammadi Gazvar Olya. (ECF No. 1) Because Petitioner alleges that she has been in post-removal order detention for over six months and her removal cannot be effectuated, the Petition will be **SERVED** on the Government.

### **Background**

Petitioner is a 22-year-old woman from Iran, who is currently an immigration detainee in the custody of the U.S. Immigration and Customs Enforcement in El Paso, Texas. Petition, ECF No. 1 at 1, 4. Petitioner alleges that she has been in post-removal order detention since August 19, 2023. *Id.* at 1. She asserts that her continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and requests immediate release from detention with reasonable conditions of supervision. *Id.* at 2, 12.

Petitioner requests that the Court order Respondents to "show cause" within three days as to why the writ should not be issued. *Id.* at 13. Further, she requests a stay of removal and to enjoin Respondents from transferring her to a different facility outside this judicial district. *Id.* at 14.

## Law and Analysis

### 1. Ordering Respondents to Show Cause

28 U.S.C. § 2241 grants this Court jurisdiction to hear habeas corpus petitions from aliens claiming they are held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Section 2243 provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Courts have held that the strict time limits set forth in § 2243, a provision enacted in 1948, are subordinate to the district court's authority to set deadlines under Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts, which Congress approved in 1976. *See Y.V.S. v. Wolf*, No. EP-20-CV-00228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020); *see also Diaz-Ortega v. Lund*, No. 1:19-CV-670-P, 2019 WL 13292924, at *2 (W.D. La. June 28, 2019) (same); *see also Martin v. Hebert*, No. 21-CV-208, 2021 WL 299198, at *1 (W.D. La. Jan. 28, 2021) (same). It is the Court's view that allowing Respondents more time to conduct a full

review of all available and pertinent evidence is reasonable. Accordingly, Respondents shall show cause within fourteen days of this Order.

2. **Stay of Removal Proceedings**

As to Petitioner's request that the Court stay her removal, the Fifth Circuit has determined that district courts lack jurisdiction to consider requests for a stay of removal. *Idokogi v. Ashcroft*, 66 F. App'x 526 (5th Cir. 2003) (per curiam); *see also Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) ("The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review.") (citations omitted). Thus, the Court lacks jurisdiction to consider staying her final order of removal.

3. **Enjoining Respondents from Transferring Petitioner**

Petitioner also requests that this Court enjoin Respondents from transferring her to another facility. Petition, ECF No. 1, at 14. Federal Rule of Civil Procedure 65 provides, in pertinent part, the following:

> (1) Issuing Without Notice. The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparably injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65. Petitioner has failed to comply with the basic requirements of Rule 65. Petitioner also does not allege that immediate or irreparable injury, loss, or damages will occur without a TRO prohibiting Petitioner's transfer to another facility. Moreover, Petitioner provides no authority for the Court to enjoin ICE from transferring her to another facility. Nonetheless,

Petitioner's physical presence in this district is not required for the adjudication of her Petition. The transfer of Petitioner would not destroy the Court's jurisdiction over her habeas claim. Jurisdiction attaches upon filing of a habeas petition, and it is not destroyed upon the subsequent transfer or custodial change of the petitioner. *McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978), *cert. denied*, 439 U.S. 1077 (1979).

Accordingly,

**IT IS ORDERED** that Respondents **SHALL FILE** a response to the petition (ECF No. 1) no later than **April 2, 2025.**

**IT IS FURTHER ORDERED** that Petitioner may file a reply to Respondents' response, provided that the reply is filed no later than **ten (10) days** after the date of service of Respondent's response.

**IT IS FINALLY ORDERED** that the Clerk's Office shall furnish the Office of the United States Attorney in El Paso, Texas, with copies of the Petition (ECF No. 1) and the instant Memorandum Order, and that such delivery shall constitute sufficient service of process.

**So ORDERED and SIGNED this 19th day of March 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**