UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MELIKA MOHAMMADI GAZVAR OLYA**, | § § § § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **ANGEL GARITE,** *Assistant Field Office Director, El Paso Field Office, El Paso Service Processing Center*; **MARY DE ANDA-YBARRA,** *Field Officer Director, El Paso Field Office, ICE*; **TODD LYONS,** *Acting Director, ICE*; **KRISTI NOEM,** *Secretary of Homeland Security*; and **PAMELA BONDI,** *United States Attorney General*. | § § § § § § § § § § § | EP-25-CV-00083-DCG |
| *Respondents*. | § § | |

## ORDER FOR ADDITIONAL BRIEFING AND SETTING HEARING

Melika Mohammadi Gazva Olya ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pet., ECF No. 1. Therein, Petitioner asserts that she has been in post-removal-order detention for longer than six months and that her removal to her native country, Iran, is not reasonably foreseeable. *Id.* Petitioner thus claims that her continued detention is unlawful under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Government ("Respondents") moves to dismiss the petition or, in the alternative, for summary judgment. Mot. Summ. J., ECF No. 9.

On June 25, 2025, in light of recent escalations between the United States and Iran, Petitioner filed an "Opposed Motion for Status Conference," requesting the Court to schedule a hearing to discuss the pending filings. Mot. Status Conference, ECF No. 13. Respondents did not reply to the Motion.

1

After due consideration, the Court **GRANTS** Petitioner's request for a status conference. (ECF No. 13).

Accordingly, the Court **SETS** a **HEARING** in connection with Petitioner's § 2241 Petition (ECF No. 1), and Respondent's Motion for Summary Judgment (ECF No. 9) at **2:30 p.m. MT** on August 6th, 2025.  The hearing shall take place **IN PERSON** in Room 322 on the Third Floor of the United States Courthouse, 525 Magoffin Avenue, El Paso, Texas.

Furthermore, additional briefing on certain issues in this case is necessary.  The Court therefore **ORDERS** Respondents to brief the following issues **by July 21, 2025.**

(1) Whether recent escalations between the United States and Iran affect Respondent's position that removal here is likely in the reasonably foreseeable future.

(2) Address why the ICE agents here informed Petitioner that she had the option to reject her flight and whether doing so is protocol required by policy.

(3) Address Petitioner's position that it has been longer than six months since her last refusal to cooperate with the removal process.[1]

Petitioner may file a reply to Respondent's brief **no later than July 28, 2025.**

If Respondents deport Petitioner to Iran or release her from custody subject to conditions of supervision at any time before the hearing, it shall inform the Court, and the hearing will no longer be necessary.

---

[1] *See Gul v. Rozos*, 163 F. App'x 317, 319 (5th Cir. 2006) ("[Petitioner] is still in detention over *one year after this interference*. The Government does not claim that Gul has continued to hinder removal efforts and offers no explanation for the continued delay. Therefore, we vacate and remand to the district court for further proceedings to determine whether "there is no significant likelihood of removal in the reasonably foreseeable future" *given the current state of the case*."); *see also Adefemi v. Gonzalez*, 228 F. App'x 415, 417 (5th Cir. 2007) ("[Petitioner] remains free to file a new § 2241 petition should he develop good reason to believe, in light of changed circumstances or new evidence, that his removal is not likely in the reasonably foreseeable future.").

**So ORDERED and SIGNED this 14th day of July 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**